Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8910 | DATE | 3/10/2003 |
| CASE TITLE | 7-Eleven, Inc. vs. Michael Hanlon | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at_____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Consent Judgment. Defendant are permanently enjoined from using the 7-Eleven name or mark or logo. Parties shall bear their own costs. Status hearing of 3/20/03 is stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 11 2003 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAR 10 PM 4:54 | 3/10/2003 | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice MD mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation, | ) ) ) CASE NO. 02-C-8910 |
| Plaintiff | ) ) Hon. Joan H. Lefkow, U.S.D.J. |
| v. | ) ) Hon. Michael T. Mason, U.S.M.J. |
| Michael Hanlon, an individual, | ) ) **CONSENT JUDGMENT** |
| Defendant. | ) ) |

RECEIVED MAR X 7 2003 CLERK, MICHAEL W. DOBBINS, U.S. DISTRICT COURT

DOCKETED MAR 11 2003

This matter having been presented to the Court by and with the consent of plaintiff, 7-Eleven, Inc. ("7-Eleven"), a Texas corporation, and defendant Michael Hanlon, an individual ("defendant"), the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED:

1.  This Court has jurisdiction by virtue of the facts that: (1) this is a civil action arising under the United States Trademark Act, 15 U.S.C. §§1051-1127, jurisdiction being expressly conferred in accordance with 15 U.S.C. §1121 and 28 U.S.C. §1338(a); and (2) this is a civil action in which plaintiff and defendant are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. §1332(a).

Doc 532222



This Court has pendant jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b). Venue is proper in the Northern District of Illinois, Eastern Division, in accordance with 28 U.S.C. §1391(b).

2. Since long prior to the acts of the defendant which are the subject of this action, 7-Eleven has been engaged in the business, *inter alia*, of offering services and products to the general public throughout the United States.

3. 7-Eleven has provided convenience store services under the name and mark 7-ELEVEN since at least as early as 1946.

4. Since long prior to the acts of defendant which are the subject of this action, 7-Eleven also has used the mark 7-ELEVEN throughout the United States, in connection with various products, including, *inter* alia, T-shirts.

5. Since long prior to the acts of the defendant which are the subject of this action, 7-Eleven's 7-ELEVEN name and mark has been displayed, among other places, on T-shirts sold by 7-Eleven and its franchisees. A primary display of 7-Eleven's 7-ELEVEN name and mark which is frequently used on 7-Eleven's products, including, *inter* alia, T-shirts, is a colored logo featuring an arabic numeral "7" with a curved vertical shank displayed primarily in the color red and outlined in white, with the shank intersected by the term "ELEVEN" displayed in capital

2

block letters ("7-ELEVEN Logo"), as depicted below:



6. Since long prior to the acts of the defendant which are the subject of this action, the aforesaid 7-ELEVEN name, mark and logo have each been extremely well known among consumers.

7. By virtue of aforesaid extensive use, advertising and promotion, and long prior to the acts of the defendant which are the subject of this action, 7-Eleven's aforesaid 7-ELEVEN name, mark and logo each became extremely well known among consumers and acquired a strong secondary meaning signifying 7-Eleven and its products and services.

8. 7-Eleven has registered its aforesaid 7-ELEVEN name and mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| **MARK** | **REG NO.** | **DATE** | **GOODS OR SERVICES** |

3

| | | | |
|---|---|---|---|
| 7-ELEVEN | 718,016 | 7/04/61 | Retail grocery service |
| 7-ELEVEN | 896,654 | 8/11/70 | Retail grocery store service |
| 7-ELEVEN | 920,897 | 9/21/71 | Retail grocery store services |
| 7-ELEVEN | 961,594 | 6/19/73 | Various flavors of soft drinks |
| 7-ELEVEN | 1,035,454 | 3/09/76 | Sandwiches |
| 7-ELEVEN | 1,402,425 | 7/22/86 | Soft drinks for consumption on or off premises |
| 7-ELEVEN | 1,702,010 | 7/21/92 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 4/21/98 | Telephone calling card services |

Said registrations are owned by 7-Eleven and registration numbers 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,402,425; and 1,702,010 are now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b).

9. 7-Eleven now owns a most valuable goodwill which is symbolized by its aforesaid name, mark and logo, and the use of each of the 7-ELEVEN name, mark and logo substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and 7-ELEVEN branded goods, and the salability of the goods sold under each of the 7-ELEVEN name, mark and logo.

10. Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid name, mark and

4

logo, as well as the issuance of the aforesaid registrations to 7-Eleven, defendant commenced sales of T-shirts featuring the 7-ELEVEN mark and a colored logo featuring an arabic numeral "7" with a curved vertical shank displayed primarily in the color red and outlined in white, with the shank intersected by the term "ELEVEN" displayed in capital block letters ("Defendant's 7-ELEVEN Logo"), for T-shirts. The use by defendant of the 7-ELEVEN mark and Defendant's 7-ELEVEN Logo on T-shirts is depicted below:



11. Defendant Michael Hanlon, an individual, his agents, servants, employees and attorneys, and all who are in active concert or participation with any of them are hereby permanently enjoined from:

    (a) using the 7-ELEVEN name or mark, 7-ELEVEN Logo,

5

Defendant's 7-ELEVEN Logo, or any other name, mark or logo consisting in whole, or in part, of the numerals "7" or "11," or the words "SEVEN" or "ELEVEN," for convenience store or related services or products, or for T-shirts or other garments;

(b) using any other name, mark, logo or trade dress which is a reproduction, counterfeit, copy or colorable imitation of 7-Eleven's 7-ELEVEN name, mark or logo;

(c) using any other name, mark, logo or trade dress, which uses as a prominent element thereof any numeral or a word, design or other graphic element intersected by another numeral or a word, design, or other graphic element, for convenience store or related services or products, or for T-shirts or other garments;

(d) doing any other act or thing likely to confuse, mislead or deceive others into believing that defendant, his services, or products emanate from 7-Eleven or are connected with, sponsored by or approved by 7-Eleven;

(e) doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's 7-ELEVEN name, mark or logo; and

6

(f) aiding or assisting any person in engaging in any of the acts prohibited by subsections (a) through (e) above.

12. The defendant is required, in accordance with 15 U.S.C. § 1118 to deliver up to 7-Eleven for destruction all t-shirts, advertisements and related goods in defendant's possession, custody or control bearing any of 7-Eleven's registered names or marks, or any other reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name, mark or logo.

13. Within thirty (30) days from the date that this Consent Judgment is entered by the Court, defendant shall by signed writing, sent by registered or certified mail to Counsel for 7-Eleven, Inc., Wildman, Harrold, Allen & Dixon, 225 West Wacker Drive, Suite 3000, Chicago, Illinois 60606, inform 7-Eleven of its complete compliance with the terms of this Consent Judgment and shall forward an affidavit evidencing compliance with this judgment, including but not limited to, any licenses and permits held by defendant which use a name or mark proscribed by this Consent Judgment and shall confirm that all subject t-shirts and related products have been delivered up to 7-Eleven's counsel.

14. The parties hereto shall bear their own costs in this

matter, except that in any suit or action brought to enforce the terms of this Consent Judgment, the defendant agrees to pay all reasonable costs and fees, including legal fees, that 7-Eleven may incur in enforcing the terms of this Consent Judgment, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing any claim, motion, cause of action, suit, rule to show cause or contempt motion for purposes of enforcing any term or provision of this Consent Judgment.

**SO ORDERED:**

Dated: MAR 1 0 2003

_____
United States District Judge

**CONSENTED TO:**

MICHAEL HANLON

_____
Michael Hanlon

Dated: 3/3/03

7-ELEVEN, INC.

By: _____

Name: DAVID A. COPLAND, ESQ.

Title: ATTORNEY-IN-FACT

Dated: March 6, 2003

**APPROVED AS TO FORM:**

BLUMENFELD KAPLAN & SANDWEISS, P.C.

_____
Jeffrey L. Michelman
Andrew H. Hogenson
168 North Meramec Ave.
St. Louis, Missouri 63105

WILDMAN, HARROLD, ALLEN & DIXON

_____  3/6/03
Craig S. Fochler
David A. Copland
225 West Wacker Drive 3000
Chicago, Illinois 60606

8

matter, except that in any suit or action brought to enforce the terms of this Consent Judgment, the defendant agrees to pay all reasonable costs and fees, including legal fees, that 7-Eleven may incur in enforcing the terms of this Consent Judgment, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing any claim, motion, cause of action, suit, rule to show cause or contempt motion for purposes of enforcing any term or provision of this Consent Judgment.

**SO ORDERED:**

Dated: MAR 1 0 2003

*[signature]*
United States District Judge

**CONSENTED TO:**

MICHAEL HANLON

_____
Michael Hanlon

Dated: _____

7-ELEVEN, INC.

By: _____

Name: _____

Title: _____

Dated: _____

**APPROVED AS TO FORM:**

BLUMENFELD KAPLAN & SANDWEISS, P.C.

*[signature]*
Jeffrey L. Michelman
Andrew H. Hogenson
168 North Meramec Ave.
St. Louis, Missouri 63105

WILDMAN, HARROLD, ALLEN & DIXON

_____
Craig S. Fochler
David A. Copland
225 West Wacker Drive 3000
Chicago, Illinois 60606

8